IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL DAVID DUE, <br><br> Plaintiff, <br><br> v. <br><br> FAISAL VAKIL AHMED, MARY A. NOLAND, SYED FATEH HYDER, K. SCHNEIDER, and JOHN/JANE DOES, <br><br> Defendants. | Case No. 23-cv-2431-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Randall David Due brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for deprivations of his constitutional rights while he was in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institution - Greenville ("FCI - Greenville"). Due alleges that Defendants were deliberately indifferent to his need for hernia surgery, in violation of the Eighth Amendment. Because Due was not in custody at the time he filed his Complaint, the Complaint is not subject to preliminary review pursuant to 28 U.S.C. § 1915A. The Complaint must be reviewed pursuant to 28 U.S.C. § 1915(e)(2), however, because Due has filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3).

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. Under 28 U.S.C. § 1915(e)(2), the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss it if

1

(a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

After review of Due's motion to proceed *in forma pauperis,* which includes his income and monthly expenses, the Court finds that Due is indigent. Although he receives a monthly social security check, he lists a number of expenses that are paid from that check (Doc. 3, p. 1).

Of course, a finding of indigency does not end the Court's inquiry, because Section 1915(e)(2) requires the Court to review the Complaint and dismiss it if it fails to state a claim. *See also DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). When reviewing the Complaint, the Court employs the same standard as Federal Rule of Civil Procedure 12(b)(6). *Id*. Because Due is proceeding *pro se*, the Court liberally construes his pleadings, accepting all factual allegations as true. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Due's Complaint merely states that Defendants engaged in deliberate indifference to his serious medical needs (Doc. 1, p. 3). An attached document labeled "affidavit complaint/claim" adds additional, but limited, factual details. Due alleges that upon entering BOP custody he was in need of a hernia operation, having been previously scheduled for an operation prior to his arrest (Doc. 1-1, p. 1). Throughout his incarceration, every BOP facility denied his request for a hernia operation (*Id*. at p. 2). Once arriving at FCI-Greenville, the named Defendants denied his request for a hernia operation (*Id*. at p. 2). Due alleges that K. Schneider failed to notify him of the denial until four months after BOP officials denied his request (*Id*.). He further alleges that Hyder and

Ahmed denied his request for hernia repair and that Noland denied his tort claim form (*Id.*).

Simply put, there are a number of issues with Due's Complaint. He names numerous John and Jane Doe defendants, labeling them as "unknown others" (Doc. 1, p. 1). Although Due may certainly allege claims against identified John Does (i.e., John Doe #1, John Doe #2), his inclusion of "unknown others" is too generic, and he fails to include any factual allegations regarding these individuals.

Due also alleges that Mary Noland denied his tort claim request, an administrative review process required prior to filing a lawsuit. 28 U.S.C. §2675(a) (No claim shall be brought "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). But the simple denial of an administrative remedy does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

Finally, Due alleges that Ahmed refused his request for a hernia repair, and Syed Fateh Hyder and K. Schneider participated in the denial because they signed the denial handed to Due in February 2022. But without more factual information to allege when Due sought care from each individual defendant and how the denial constituted deliberate indifference, the Court finds that Due's allegations do not amount to deliberate indifference. Due alleges that he experienced a delay in being told of the denial for surgery, and he alleges that the denial caused him pain and subjected him to the daily

3

problems of *possible* complete strangulation of the hernia and other complications. But Due does not allege that he suffered from strangulation of the hernia, nor does he explain how the delay exacerbated his condition or pain. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (Delay in care can amount to deliberate indifference if the delay "exacerbated the injury or unnecessarily prolonged an inmate's pain.") (internal citations and quotations omitted). As pled, these allegations are not sufficient enough to state a claim. *See* Fed. R. Civ. P. 8. *See also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (A successful Complaint generally alleges "the who, what, when, where, and how….").

Accordingly, Due's motion to proceed IFP is **DENIED**, and his Complaint is **DISMISSED without prejudice**. Due is **GRANTED** leave to submit an Amended Complaint. Should he choose to file an Amended Complaint, he may refile his motion to proceed IFP. Due's Amended Complaint and his renewed motion to proceed IFP are due on or before **August 14, 2023**. Should he fail to file his Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 17, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**